IN THE UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LATRISA LATONYA BELL, an individual<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ATLANTIC & PACIFIC ADVISORY SERVICES, INC., a Florida for Profit Corporation d/b/a ATLANTIC & PACIFIC REAL ESTATE GROUP, ATLANTIC PACIFIC COMMUNITY MANAGEMENT, LLC, a Florida Limited Liability Company, ATLANTIC PACIFIC COMMUNITY MANAGEMENT, INC, a Florida Profit Corporation, ATLANTIC & PACIFIC PROPERTY MANAGEMENT – ATLANTIC DIVISION, INC., a Florida Profit Corporation, BROAD MANAGEMENT GROUP LLC, a Foreign Limited Liability Company, CARIBBEAN VILLAS WEST PALM LLC, a Foreign Limited Liability Company and SADDLEBROOK K TIC LLC, a Foreign Limited Liability Company,<br><br>　　　　Defendant(s). | CIVIL ACTION NO. |

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT 1964

LATRISA LATONYA BELL ("PLAINTIFF") files this Complaint for racial and national origin discrimination, hostile work environment and wrongful discharge under Title VII, the Civil Rights Act of 1964, 42 U.S.C. §1981 and for discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a) and retaliation in violation of §760.10(7)(a) against DEFENDANTS, ATLANTIC & PACIFIC ADVISORY SERVICES, INC. ATLANTIC PACIFIC COMMUNITY MANAGEMENT, LLC, ATLANTIC PACIFIC COMMUNITY MANAGEMENT, INC,

ATLANTIC & PACIFIC PROPERTY MANAGEMENT – ATLANTIC DIVISION, INC., BROAD MANAGEMENT GROUP LLC, CARIBBEAN VILLAS WEST PALM LLC, and SADDLEBROOK K TIC LLC (collectively herein "DEFENDANT") as follows:

## JURISDICTION AND VENUE

1. PLAINTIFF, LATRISA LATONYA BELL is an individual and a resident of Palm Beach County Florida.

2. DEFENDANT ATLANTIC & PACIFIC ADVISORY SERVICES, INC (individually herein "APAS") is a Florida for Profit Corporation organized under the laws of the State of Florida and has a principal place of business at 161 NW 6 Street #1020, Miami, FL 33136.

3. DEFENDANT ATLANTIC PACIFIC COMMUNITY MANAGEMENT, LLC, (individually herein "APCM LLC") is a Florida Limited Liability Company, organized under the laws of the State of Florida and has a principal place of business at 1025 Kane Concourse, Ste 215, Bay Harbor Islands, FL 33154.

4. DEFENDANT ATLANTIC PACIFIC COMMUNITY MANAGEMENT, INC, (individually herein "APCM INC") a Florida Profit Corporation, organized under the laws of the State of Florida and has a principal place of business at 622 Banyan Trail, Ste. 150, Boca Raton, FL 33431.

5. DEFENDANT ATLANTIC & PACIFIC PROPERTY MANAGEMENT – ATLANTIC DIVISION, INC., (individually herein "APMAD") is a Florida Profit Corporation, organized under the laws of the State of Florida and has a principal place of business at 161 NW 6 Street #1020, Miami, FL 33136.

6. DEFENDANT BROAD MANAGEMENT GROUP LLC, (individually herein "BMG") is a Foreign Limited Liability Company, with a principal place of business in Montvale, New Jersey, and does business in Florida.

7. DEFENDANT CARIBBEAN VILLAS WEST PALM LLC, (individually herein "CARRIBBEAN VILLAS") is a Foreign Limited Liability Company, with a principal placed of business in Brooklyn New York, an does business in Florida.

8. DEFENDANT SADDLEBROOK K TIC LLC, (individually herein "SADDLEBROOK") is a Foreign Limited Liability Company, with a principal place of business in Montvale, New Jersey, and does business in Florida.

9. This is an action for racial and national origin discrimination, hostile work environment and all arising under (1) 42 U.S.C. § 2000e-2(a)(1). It is also an action for retaliation arising under 42 U.S. Code § 2000e–3(a) (collectively herein the "Civil Rights Act of 1964,"). This is also an action for wrongful discharge pursuant to public policy. Lastly it is a suit for or Discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a) and retaliation in violation of §760.10(7) (a).

10. DEFENDANTS are also subject to the personal jurisdiction of this Court because the are organized under the laws of the State of Florida, or do business in Florida, and, therefore, are continuously present in the State of Florida. All DEFENDANTS operate in some capacity and or share former or current employees that have contributed to the claims against PLAINTIFF.

11. Venue of this action is proper in the Southern District of Florida under 28 U.S.C. §1391(b)(1) and (2) because DEFENDANT is subject to the personal jurisdiction of this Court in this Judicial District and thus qualifies as a resident of this Judicial District under 28 U.S.C. §1391(c)(2).

## FACTUAL BACKGROUND

12. PLAINTIFF is a Black female who started employment at CARIBBEAN VILLAS Apartments in October 2011.

13. Soon thereafter, in 2012, CARIBBEAN VILLAS became an Limited Liability Company, Caribbean Villa, LLC, and acquired an additional property, SADDLEBROOK Apartments in June 2013, and PLAINTIFF became the Senior Business Manager for both properties; BMG became the management company in 2013.

14. After Covid-19, from March 2020 through July 2002, PLAINTIFF inquired with BMG about Covid-19 procedures, protocols and concerns.

15. In June 2020 PLAINTIFF was told that PLAINTIFF would be on PLAINTIFF'S own with both properties. Later in June 2020 PLAINTIFF explained during a meeting with management, that PLAINTIFF was alone working on two sites trying to carry out the administrative workload, helping out in the maintenance department and water conservation project.

16. During July of 2020, PLAINTIFF was advised to hold off on any new hires as current employees will transition over to Saddlebrook.

17. On September 29, 2020, APAS acquired the CARIBBEAN and SADDLEBROOK properties and soon thereafter PLAINTIFF was put under the supervision of Matthew Armstrong (herein "Armstrong") as property manager and placed on a 90-day probationary period; PLAINTIFF'S benefits were terminated and were not paid out to PLAINTIFF.

18. On October 12, 2020, PLAINTIFF e-mailed Armstrong regarding the roof leaks at the SADDLEBROOK Property; and was advised to go directly to BMG as they are still the management company.

19. On October 20, 2020, while going over resumes for maintenance supervisor assistant with Mr. Jimmy Perez (herein "Perez") the newly hired maintenance supervisor, and Perez made a comment; "I definitely don't want this one, I don't want a woman as my assistant" and explained that Alex had someone "Cuban guy" that he knew and wanted him to meet with.

20. As PLAINTIFF recognized this as a discriminatory statement, PLAINTIFF advised Perez that "you can't say things like that; if they qualify for the position; they qualify, regardless of if it's a woman or not. We need to get back to Jennifer so that she can start setting up interviews."

21. Perez's discriminatory comments continued to casually make discriminatory statements about prospective women tenants, "we don't want those kind of people here."

22. On November 3, 2020, after Armstrong finished interviewing a potential candidate for maintenance, Armstrong expressed to PLAINTIFF that the candidate made the comment that they did not like their job, because "women can be emotional."

23. PLAINTIFF took the opportunity to report the discrimination that Perez continued to display and was advised that PLAINTIFF and Armstrong could discuss with Claudia Ortiz, the Director of Operations for DEFENDANTS APCM LLC and APCM INC (collectively herein "APCM").

24. However, on November 4, 2020, instead of discussing with PLAINTIFF her concerns about Perez, APCM provided PLAINTIFF with performance improvement plan memorandum (herein "Memorandum") for PLAINTIFF to improve in areas such as building a team, following delinquency protocol and taking direction from PLAINTIFF'S regional supervisor; APCM asked PLAINTIFF to sign it; PLAINTIFF refused.

25. PLAINTIFF, therefore, asked APCM to explain the performance issues, and reiterated that the CARRIBEAN VILLA and SADDLEBROOK properties had been operating

understaffed since APCM acquired the properties, and rarely had time to interview potential team members; PLAINTIFF also mentioned that CARRIBEAN VILLAS lacked a budget, petty cash card, bank deposit stamp, no lawn maintenance, no security and all necessary credentials.

26. APCM also told PLAINTIFF that she was doing great.

27. On November 9, 2020, PLAINTIFF spoke to human resources regarding the incidents with Perez, Armstrong and Performance Improvement Plan after complaining to APCM about working conditions/environment and inappropriate behavior.

28. APCM advised PLAINTIFF that PLAINTIFF would be receive a follow-up within the next 24 to 48 hours; PLAINTIFF did not receive a follow-up.

29. On November 17, 2020, Ms. Torres (Peer Coach) informed PLAINTIFF that she was advised that DEFENDANT wanted PLAINTIFF'S 90-day probation completed by November 18, 2020.

30. Ms. Torres was unsure as to how as we haven't had a chance to train with all the interruptions, visits and Armstrong had not done his part of the training; 90 days from the date PLAINTIFF received notice that PLAINTIFF was on probation would have been December 28, 2020.

31. DEFENDANTS' work environment became more hostile the more PLAINTIFF expressed valid concerns of discrimination and upon information and belief DEFENDANTS were preparing to terminate PLAINTIFF.

32. On November 2020, Perez ignored two newly hired African American employees, Paul Hayes and Anthony Turnquest; as witnessed by other employees and was brought to PLAINTIFF'S Armstrong's and Ortiz's attention.

33. PLAINTIFF requested an in-person meeting between PLAINTIFF, Armstrong, Ortiz and human resources to address PLAINTIFF'S concerns, and eventually Ortiz and Armstrong agreed to do a zoom meeting.

34. DEFENDANTS continued its harassment of PLAINTIFF by gaslighting PLAINTIFF about training

35. PLAINTIFF felt that the meeting with DEFENDANTS became hostile and unprofessional.

36. On December 16, 2020, PLAINTIFF was terminated from DEFENDANTS' employ for alleged poor job performance and goal achievement.

37. PLAINTIFF followed up with DEFENDANTS about unpaid bonuses from DEFENDANT

38. On October 2, 2021 PLAINTIFF filed a charge of discrimination with the Equal Employment Opportunity Commission.

39. On or around December 8, 2021, PLAINTIFF received the right to sue upon request. *See* Composite EEOC documentation at **Exhibit A.**

## COUNT I -DISCRIMINATION ON THE BASIS OF RACE, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(a)(1*)*

40. PLAINTIFF repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

41. Under the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253 (11th Cir. 2010) a plaintiff must first establish a prima facie case of discrimination, typically by showing that she was a qualified member of a protected

class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. *Alvarez v. Royal Atl. Developers*, Inc., 610 F.3d 1253 (11th Cir. 2010).

42. PLAINTIFF, a Black female, was subjected to adverse employment action by DEFENDANTS as PLAINTIFF was subjected to and observed management make comments about Black tenant and ignore Black employees in the office.

43. After informing DEFENDANTS that management Black employees receiving adverse treatment as they were subjected to Perez's discriminatory comments and actions.

44. As an adverse action, PLAINTIFF endured a hostile work environment, including but not limited to PLAINTIFF being put on probation immediately after informing DEFENDANT of the discrimination.

45. DEFENDANTS increased PLAINTIFF'S workload and became critical of PLAINTIFF'S performance, without offer PLAINTIFF the staff, tools or training to improve in the areas DEFENDANTS said PLAINTIFF needed to improve in.

46. The ultimate adverse action was when DEFENDANTS fired the PLAINTIFF after repeatedly bringing the discriminatory conditions to human resources' attention.

47. PLAINTIFF has suffered damages from DEFENDANTS' racial discrimination and seeks appropriate compensation and attorney's fees.

### COUNT II -DISCRIMINATION ON THE BASIS OF SEX, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(a)(1*)*

48. PLAINTIFF repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

49. Under the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't. of*

*Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253 (11th Cir. 2010) a plaintiff must first establish a prima facie case of discrimination, typically by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. *Alvarez v. Royal Atl. Developers*, Inc., 610 F.3d 1253 (11th Cir. 2010).

50. PLAINTIFF, a woman, was subjected to adverse employment action by DEFENDANTS as PLAINTIFF was subjected to and observed management make comments about not wanting women assistants.

51. After informing DEFENDANTS that management potential women employees received adverse treatment as they were subjected to Perez's discriminatory comments and actions.

52. As an adverse action, PLAINTIFF endured a hostile work environment, including but not limited to PLAINTIFF being put on probation and given an improvement plan immediately after informing DEFENDANTS of the discrimination.

53. DEFENDANTS increased PLAINTIFFS workload and became critical of PLAINTIFF'S performance, without offer PLAINTIFF the staff, tools or training to improve in the areas DEFENDANTS said PLAINTIFF needed to improve in.

54. The ultimate adverse action was when DEFENDANTS fired the PLAINTIFF after repeatedly bringing the discriminatory conditions to human resources' attention.

55. PLAINTIFF has suffered damages from DEFENDANTS' racial discrimination and seeks appropriate compensation and attorney's fees.

## COUNT III – RETALIATION, IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S. CODE § 2000e–3(a)

56. PLAINTIFF repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

57. To establish prima facie showing of retaliation, a plaintiff must show: "(1) that she engaged in statutorily protected conduct; (2) that she suffered adverse employment action; and (3) that there is "some causal relation" between the two events." *See McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir.2008).

58. On November 3, 2020, PLAINTIFF reported discrimination and hostile treatment by Perez to Armstrong.

59. On November 4, PLAINTIFF as an adverse action, PLAINTIFF endured a hostile work environment, including but not limited to PLAINTIFF being put on probation and given an improvement plan immediately after informing DEFENDANT of the discrimination.

60. DEFENDANTS increased PLAINTIFFS workload and became critical of PLAINTIFF'S performance, without offer PLAINTIFF the staff, tools or training to improve in the areas DEFENDANTS said PLAINTIFF needed to improve in.

61. PLAINTIFF continued to request a discussion about the discrimination; DEFENDANT only became hostile.

62. The ultimate adverse action was when DEFENDANTS fired the PLAINTIFF after repeatedly bringing the discriminatory conditions to human resources' attention.

63. PLAINTIFF has suffered damages from DEFENDANTS' retaliation and seeks appropriate compensation and attorney's fees.

### COUNTI VI – HOSTILE WORK ENVIRONMENT, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2(a)(1)

64. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

65. For a hostile work environment claim under Title VII to prevail, a PLAINTIFF must establish proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 1126 L. Ed. 2d 295 (1993).

66. To establish a hostile work environment claim a PLAINTIFF "must show: (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan Inc.*, 277 F.3d 1269 (11th Cir. 2002).

67. PLAINTIFF, a Black, woman, belongs to protected groups.

68. PLAINTIFF was subjected to unwelcome harassment by DEFENDANTS, including but not limited to being subjected to discriminatory behavior, being put on probation after complaining about discrimination and witnessing discrimination towards others.

69. DEFENDANTS eventually fired PLAINTIFF because PLAINTIFF is a member of a protected group and complained of harassment to DEFENDANTS.

70. The DEFENDANTS' harassment was so pervasive that it altered PLAINTIFFS terms of employment with DEFENDANTS as she was put on an improvement plan and terminated, and it was discriminatory and abusive environment for PLAINTIIFF and others, including tenants.

71. DEFENDANTS are directly liable because they were put on notice of the discriminatory and hostile behavior.

72. PLAINTIFF has suffered damages from DEFENDANTS' hostility in the work environment and seeks appropriate compensation and attorney's fees.

### COUNT V – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

73. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

74. "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014). Aspiras v. Adams & Assocs., Inc. (E.D. Cal. 2017).

75. PLAINTIFF and DEFENDANTS had an employee-employer relationship.

76. Upon information and belief, PLAINTIFF was terminated by DEFENDANTS because she brought discrimination, harassment, and verbal abuse of the to the attention of management.

77. PLAINTIFF has suffered damages from DEFENDANTS' wrongful discharge and seeks appropriate compensation and attorney's fees.

### COUNT VII – RACIAL DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLA. STAT. § 760.10(1)(a)

78. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

79. "The Florida courts have held that decisions construing Title VII are applicable when considering claims of discrimination under the Florida Civil Rights Act," because the FCRA was patterned after Title VII. *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir.

1998) (citing *Ranger Ins. Co. v. Bal Harbour Club, Inc.*, 549 So. 2d 1005, 1009 (Fla. 1989)); Fla. Stat. § 760.10(a) *Jiles v. United Parcel Service, Inc.*, No. 09-13625. Non-Argument Calendar (11th Cir. 1/7/2010) (11th Cir. 2010).

80. Under the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253 (11th Cir. 2010) a plaintiff must first establish a prima facie case of discrimination, typically by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. *Alvarez v. Royal Atl. Developers*, Inc., 610 F.3d 1253 (11th Cir. 2010).

81. PLAINTIFF, a Black woman, was subjected to adverse employment action by DEFENDANTS as PLAINTIFF was subjected to and observed management make comments about Black tenant and ignore Black employees in the office.

82. After informing DEFENDANTS management that Black employees receiving adverse treatment as they were subjected to Perez's discriminatory comments and actions.

83. As an adverse action, PLAINTIFF endured a hostile work environment, including but not limited to PLAINTIFF being put on probation immediately after informing DEFENDANTS of the discrimination.

84. DEFENDANTS increased PLAINTIFF'S workload and became critical of PLAINTIFF'S performance, without offer PLAINTIFF the staff, tools or training to improve in the areas DEFENDANTS said PLAINTIFF needed to improve in.

**85.** The ultimate adverse action was when DEFENDANTS fired the PLAINTIFF after repeatedly bringing the discriminatory conditions to human resources' attention.

**86.** PLAINTIFF has suffered damages from DEFENDANTS' racial discrimination and seeks appropriate compensation and attorney's fees.

### COUNT VIII – RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT FLA. STAT. § 760.10(7) (a)

**87.** Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

**88.** Both Title VII and the FCRA prohibit retaliation by an employer against an individual because he has opposed an unlawful employment practice. See 42 U.S.C. § 2000e-3(a);

# IN THE UNITED STATES DISTRICT COURT
# SOTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LATRISHA LONTONYA BELL, an individual <br><br> Plaintiff, <br><br> vs. <br><br> ATLANTIC & PACIFIC ADVISORY SERVICES, INC., a Florida for Profit Corporation d/b/a ATLANTIC & PACIFIC REAL ESTATE GROUP <br><br> Defendant(s). | § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. |

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT 1964

LATRISHA LONTONYA BELL ("PLAINTIFF") files this Complaint for racial and national origin discrimination, hostile work environment and wrongful discharge under Title VII, the Civil Rights Act of 1964, 42 U.S.C. §1981 and for discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a) and retaliation in violation of §760.10(7)(a) against DEFENDANTS, ATLANTIC & PACIFIC ADVISORY SERVICES, INC. (collectively herein "DEFENDANT") as follows:

### Jurisdiction and Venue

1. PLAINTIFF, LATRISHA LONTONYA BELL is an individual and a resident of Palm Beach County Florida.

2. DEFENDANT ATLANTIC & PACIFIC ADVISORY SERVICES, INC (individually herein "APAS") is a Florida for Profit Corporation organized under the laws of the state of Florida and has a principal place of business at 161 NW 6 Street #1020, Miami, FL 33136.

Fla. Stat. § 760.10(7). A prima facie case of retaliation requires the plaintiff to show that: "(1) [he] engaged in statutorily protected activity; (2) [he] suffered a materially adverse action; and (3) there was a causal connection between [the two events] *Artiste v. Broward Coll.* (11th Cir. 2017).

89. On November 3, 2020, PLAINTIFF reported discrimination and hostile treatment by Perez to Armstrong.

90. On November 4, PLAINTIFF as an adverse action, PLAINTIFF endured a hostile work environment, including but not limited to PLAINTIFF being put on probation and given an improvement plan immediately after informing DEFENDANTS of the discrimination.

91. DEFENDANTS increased PLAINTIFFS workload and became critical of PLAINTIFF'S performance, without offer PLAINTIFF the staff, tools or training to improve in the areas DEFENDANTS said PLAINTIFF needed to improve in.

92. PLAINTIFF continued to request a discussion about the discrimination; DEFENDANTS only became hostile.

93. The ultimate adverse action was when DEFENDANTS fired the PLAINTIFF after repeatedly bringing the discriminatory conditions to human resources' attention.

94. PLAINTIFF has suffered damages from DEFENDANTS' retaliation and seeks appropriate compensation and attorney's fees.

## COUNT IX – INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS

95. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

96. The three elements of the tort of intentional infliction of emotional distress under Florida case law are: (1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2)

the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th DCA 1993). *Food Lion v. Clifford*, 629 So. 2d 201, 203 (Fla. 5th DCA 1993).

97. DEFENDANTS intentionally allowed discrimination in the office and fired PLAINTIFF because PLAINTIFF brought attention to DEFENDANTS of discrimination and should have known that it caused PLAINTIFF emotional distress.

98. DEFENDANTS' conduct of firing PLAINTIFF and allowing discrimination to permeate its working environment goes beyond all bounds of decency and is utterly intolerable in a civilized community.

99. PLAINTIFF has suffered severe emotional distress

100. PLAINTIFF continues to seek therapeutic treatment for her injuries caused by DEFENDANT.

101. PLAINTIFF has suffered damages from DEFENDANTS' intentional infliction of emotional distress and seeks appropriate compensation and attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

a) An order finding DEFENDANTS have engaged in racial discrimination in violation of federal and state laws and an award of money to compensate PLAINTIFF for the competitive injury;

b) An order finding DEFENDANT have engaged in national origin discrimination in violation of federal and state laws and an award of money to compensate PLAINTIFF for the competitive injury;

c) An order finding DEFENDANT have engaged in retaliation against the PLAINTIFF in violation of federal and state laws and an award of money to compensate Plaintiff for the competitive injury;

d) An order finding DEFENDANT have wrongfully terminated PLAINTIFF in violation of public policies;

e) An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff; and

f) An order awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: March 3, 2022                              Respectfully submitted,

                                              BLUE LINE LAW FIRM, PLLC
                                              By: /s/ Kevin Drummond
                                              KEVIN DRUMMOND, ESQ.
                                              (FBN 1002238)
                                              1645 Palm Beach Lakes Blvd., Suite 1200
                                              West Palm Beach, FL 33401
                                              Telephone: 1-888-611-9511
                                              Facsimile: 561-892-3330
                                              E-Service: intake@tbllf.com