UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80336-CIV-Cannon/Reinhart

LATRISA L. BELL,

        Plaintiff,

vs.

FIRSTSERVICE RESIDENTIAL BOCA, INC., et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION FOR ATTORNEYS' FEES (ECF NO. 42)**

Currently before me is Defendant FirstService Residential Boca, Inc.'s Motion for Attorneys' Fees. ECF No. 42. This motion was referred to me by the Honorable Aileen M. Cannon. ECF No. 43. I have reviewed the motion, Plaintiff's response (ECF No. 44), and Defendant's reply (ECF No. 45), as well as the Amended Complaint (ECF No. 25). For the reasons stated below, I **RECOMMEND** that Defendant's motion be **DENIED.**

**BACKGROUND**

Plaintiff Latrisa Bell brought this Title VII action alleging racial and sexual discrimination, retaliation, and hostile work environment against the four Defendants. ECF No. 25.[1] In her Amended Complaint, Ms. Bell alleged that after

---

[1] The Amended Complaint also contained four counts alleging state law violations including claims under the Florida Civil Rights Act (FCRA).

reporting instances of discrimination to her employer, she was terminated from her employment on December 16, 2020. *Id.* at ¶¶ 28, 33. The Amended Complaint states that "On October 2, 2021, Plaintiff filed a charge of discrimination with the [EEOC]" and that on December 8, 2021, she received a right-to-sue letter from the EEOC. *Id.* at ¶ 35; Exhibit A.

Defendants moved to dismiss the Amended Complaint, claiming, in part, that Ms. Bell failed to exhaust her administrative remedies because her EEOC charge was untimely. ECF No. 29. In her response to the motion, Ms. Bell expanded on her allegations in the Amended Complaint, explaining that

- On October 2, 2021, she "made an inquiry with the EEOC in order to file a complaint of discrimination against her employer." ECF No. 34 at ¶ 5.

- On October 4, 2021, Ms. Bell spoke with an EEOC investigator who asked her to email him a list of the discriminatory events. *Id.* at ¶ 6.

- On October 5, 2021, the investigator and an EEOC supervisor called Ms. Bell to further "discuss the file and the breakdown of employers and events." *Id.* at ¶ 7.

- On October 6, 2021, Ms. Bell sent an email to the EEOC investigator detailing the discriminatory events in her workplace. *Id.* at ¶ 9.

- On October 7, 2021, the investigator confirmed receipt of the email and advised Ms. Bell that it would be forwarded to the appropriate Florida agency. *Id.*; Exhibit A.

- On October 8, 2021, the EEOC investigator and supervisor called Ms. Bell and they had a "detailed discussion" about her complaint and obtaining a right-to-sue letter. *Id.* at ¶¶ 10, 11.

Based on these communications, Ms. Bell "was under the belief that she had filed a Complaint of Discrimination with the EEOC" (*id.* at ¶ 13); she "belie[ved] that she completed the process for filing a charge of discrimination with the EEOC."

*Id.* at ¶ 19. Later, on December 5, 2021, Ms. Bell filed a discrimination complaint with the Florida Commission on Human Relations (FCHR). *Id.* at ¶ 20; ECF No. 29-1.

Judge Cannon granted Defendants' motion to dismiss the Title VII claims, finding that Ms. Bell failed to exhaust her administrative remedies because she did not file an EEOC charge within the requisite 300 days of the alleged discrimination and retaliation. ECF No. 40 at 5.[2] Judge Cannon declined to construe Ms. Bell's October 6, 2021, email to the EEOC investigator as a formal charge of discrimination because it was "unsigned and unsworn," and it failed to "reference filing a charge with the EEOC or otherwise include any indication that could be construed as constituting a charge." *Id.* at 8. Judge Cannon deemed the December 5, 2021, discrimination complaint Ms. Bell filed with the FCHR to be the operative charging document. Judge Cannon concluded that "because all of Plaintiff's claims arise from conduct that occurred before February 11, 2021" (300 days before the December 5, 2021, filing), "they are all untimely" and could not sustain federal court claims under Title VII. *Id.* at 6.

Accordingly, the Title VII claims alleged in Counts I-IV of the Amended Complaint were dismissed with prejudice. *Id.* at 9. Judge Cannon declined to exercise supplemental jurisdiction over the remaining state law claims and

---

[2] The last violation alleged in the Amended Complaint was Ms. Bell's termination on December 16, 2020. To be timely, an administrative charge alleging Title VII violations must have been filed within 300 days, or no later than October 12, 2021.

dismissed them "without prejudice to be refiled in state court to the extent permitted by law." *Id.* at 9-10.[3]

Although final judgment on the Title VII claims was entered in favor of all four Defendants, only Defendant FirstService Residential Boca, Inc. brings the instant motion seeking approximately $30,000.00 in attorneys' fees. ECF No. 42. Defendant FirstService contends that it is entitled to fee-shifting under Title VII because Ms. Bell's Title VII claims were frivolous, unreasonable, and without foundation. ECF No. 42 at 5.

## DISCUSSION

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory exceptions, such as those contained in Title VII of the Civil Rights Act of 1964, which authorizes the award of attorney's fees in certain circumstances.

The statute provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e–5(k). The Supreme Court has held that "[w]hen a defendant is the prevailing party on a civil rights claim . . . district courts may award attorney's fees if the

---

[3] As Judge Cannon noted in her decision, claimants alleging violations of the FCRA have additional time to exhaust their administrative remedies; they must file an administrative charge within 365 days of the alleged violation. ECF No. 40 at 6.

plaintiff's claim was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (internal quotations omitted). Nevertheless, "[c]are must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs in discrimination claims which might 'discourage all but the most airtight claims' and 'undercut the efforts of Congress to promote the vigorous enforcement provisions of Title VII.'" *See Evans v. St. Lucie Cty. Sch. Dist.*, No. 2:17-CV-14450, 2019 WL 3997126, at *4 (S.D. Fla. Aug. 23, 2019) (J. Rosenberg) (quoting *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001)).

> In determining whether a claim is frivolous, a court must analyze whether the case is so lacking in arguable merit so to be groundless or without foundation, rather than on the question of whether the case was successful on its merits. *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). In cases where the plaintiff adduces evidence sufficient to support their claims, findings of frivolity typically do not stand. *Id.*; *see also Hurtado v. Raly Dev., Inc.*, No. 11-24476-CIV, 2012 WL 3687488, at *6 (S.D. Fla. Aug. 27, 2012) (quoting *Dulaney v. Miami–Dade Cnty.*, No. 09–23259–CIV, 2011 WL 6754074, at *2 (S.D. Fla. Dec.22, 2011)). Factors also considered important in determining whether a claim is frivolous include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan*, 773 F.2d at 1189; *see also Cordoba v. Dillard's, Inc.*, 41 F.3d 1169, 1179 (11th Cir. 2005). No one factor is dispositive, and the Court must consider the case as a whole and determine whether the claim was entirely without foundation. *Id.* In determining whether a claim was frivolous, courts view the evidence in the light most favorable to the non-prevailing plaintiff. *Id.*

*Guevara v. Fla. E. Coast Ry., LLC.*, No. 18-CV-24726, 2020 WL 5578960, at *3 (S.D. Fla. Aug. 7, 2020) (J. Louis), report and recommendation adopted, 2020 WL

5572100 (S.D. Fla. Sept. 17, 2020) (J. Smith). The fee applicant bears the burden of establishing entitlement to an award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, the first *Sullivan* factor is neutral. Judge Cannon dismissed Ms. Bell's Title VII claims because of her failure to establish that she exhausted those claims at the administrative level with a timely-filed EEOC charge. Judge Cannon never reached the merits of Ms. Bell's Title VII claims to assess whether she established a prima facie case. "[E]xhaustion is an affirmative defense and should not be convoluted with an element of Plaintiff's prima facie case" in pleading Title VII claims. *Akkasha v. Bloomingdales, Inc.*, No. 17-22376-CIV, 2020 WL 6820878, at *1 (S.D. Fla. Sept. 14, 2020).

The second *Sullivan* factor is also neutral because Defendant FirstService did not make a formal offer of settlement (ECF No. 42 at 6). *See Guevara*, 2020 WL 5578960, at *4. The third *Sullivan* factor weighs against Ms. Bell because her Title VII claims were dismissed with prejudice prior to trial. *See Evans*, 2019 WL 3997126, at *2 (citing S*ullivan*, 773 F.2d at 1189).

Given that only one of the three *Sullivan* factors weighs against Ms. Bell, and in viewing the evidence in the light most favorable to her, I cannot conclude that her Title VII claims were entirely without foundation. I reject Defendant's argument that Ms. Bell was "well aware" that her Title VII claims were time-barred and that she "failed to offer any reasonable argument as to why they were not." ECF No. 42 at 5-6.

On the contrary, I find that Ms. Bell presented a good faith basis for believing that she had properly exhausted her administrative remedies. Indeed, given the extensive telephone and email communications that Ms. Bell had with the EEOC investigator and supervisor, it was not unreasonable for her to conclude that she had complied with the requirements for filing an EEOC charge before the October 12, 2021 deadline. *See, e.g., Guevara,* 2020 WL 5578960 at *5 (court declined to impose fee-shifting because the plaintiff "advanced some evidence in support of his [Title VII] claims and had a good faith basis for bringing the claims [which] mitigates against a finding of frivolity.").

Moreover, there is no indication in the record that Ms. Bell was represented by counsel when she was communicating with the EEOC. Given that "a *pro se* litigant is not held to the same standard of legal competence and care as an attorney" (*Grimshaw v. Metro. Life Ins. Co.*, No. 11-14165-CIV, 2011 WL 13319575, at *2 (S.D. Fla. Aug. 2, 2011) (citing *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010), it was not unreasonable that as a layperson, she believed her email to the EEOC constituted a formal charge.

Finally, Ms. Bell's filing of her Title VII claims was not unreasonable given the similarity of the facts presented in *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314 (11th Cir. 2001). There, the Eleventh Circuit held that an EEOC intake questionnaire, which was verified and included the basic required information, "constitute[d] a charge for purposes of the Title VII . . . [because] the circumstances of the case would convince a reasonable person that the charging party manifested

her intent to activate the administrative process by filing the intake questionnaire with the EEOC." *Id*. at 1321.

While the evidence Ms. Bell presented here ultimately did not convince Judge Cannon that she manifested an objective intent to file a formal charge with the EEOC, Defendant FirstService has not met the "stringent standard" of showing that Ms. Bell lacked good faith in bringing her Title VII claims or that those claims were "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173, 66 L.Ed.2d 163 (1980).

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **DENY** Defendant's Motion for Attorneys' Fees.  ECF No. 42.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 20th day of October, 2022 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge